WILLIAM MAYETTE, JR., Respondent, v. GERALD P. SHARRON, Appellant.

Third Department, July 1, 1927.

Bills and notes — action to recover on promissory note — defense of partial failure of consideration — notes were alleged to have been given to secure advances to be made by plaintiff — verdict of jury was that only part of advances were made — error for court to set aside finding as to amount of advances and to direct verdict for amount demanded in complaint — evidence sustains finding of jury as to amount advanced.

This is an action to recover $2,000, the face of a promissory note which the defendant alleges was given in renewal of one for $2,500. The defendant's contention is that the note was given to secure certain advances to be made by the plaintiff on behalf of the defendant, and that advances were not made to the full amount of the note. The jury found that advances were made to the extent of $1,255.60. It was error for the trial court to set aside the finding of the jury in that respect and to direct a verdict for the amount demanded in the complaint, the face of the note. If the evidence did not sustain the finding of the jury, the trial court could have set aside the verdict as against the weight of the evidence but it could not dispose of the case as a matter of law.

The evidence produced at the trial sustains the finding of the jury as to the amount actually advanced by the plaintiff in the defendant's behalf, and the Appellate Division directs that unless the plaintiff will stipulate to accept the amount so found, in which case the finding of the jury will be reinstated, the judgment must be reversed on the law and the facts, and a new trial granted.

APPEAL by the defendant, Gerald P. Sharron, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Clinton on the 24th day of April, 1926, upon the verdict of a jury rendered by direction of the court after the court set aside a finding on one of two submitted questions.

*Patrick J. Tierney,* for the appellant.

*Thomas B. Cotter,* for the respondent.

WHITMYER, J.   The action was brought to recover the sum of $2,000, with interest, on a promissory note, dated September 10, 1925, given by defendant to plaintiff, and payable four months after its date.   The defense was that the note was given in renewal of one for $2,500, dated June 10, 1925, payable three months after its date, in consideration of the promise by plaintiff to defendant that he would loan to defendant and advance for his benefit to Intercontinental Securities, Limited, a Canadian corporation, the sum of $2,500, and would personally loan and advance to said Intercontinental Securities, Limited, the further sum of $2,500, as his share of the amount agreed to be advanced on that day.

The trial justice submitted to the jury the questions whether or not plaintiff advanced any money for the benefit of the defendant and, if so, the amount.   The jury answered that he did and fixed the amount at $1,255.60.   The trial justice then set aside the finding on the second question and directed a verdict for the amount asked for, whereupon judgment was entered for such amount.   If there was evidence to sustain the finding of the jury, the trial justice might have set it aside as against the weight of the evidence, but could not dispose of it as matter of law.   So that, it remains to be determined whether or not there was any evidence in support of the finding.

The parties and Lee Bouyea and Myron Gordon became interested as stockholders in a corporation known as Intercontinental Securities, Limited, prior to June 10, 1925.   Defendant was a director and Bouyea became one later.   R. J. Botkin, residing in Montreal, was president and manager.   Botkin came to Plattsburg, where the said stockholders resided, on the day stated.   He had a conference with them and stated that the company needed the sum of $10,000 to carry on.   Defendant, Bouyea and Gordon claim that each one of the four was to advance the sum of $2,500. Plaintiff claimed that he did not agree to contribute for himself. However that may be, Bouyea advanced the sum of $2,500 for himself, and a like sum for Gordon and took Gordon's note for $2,500, while plaintiff took defendant's note for the same amount, payable three months from its date, under an agreement that he

would make advances for defendant from time to time, as he could spare the moneys, and pay directly to the company. He did not advance any amount for himself. Thereupon, he made advances, he claims, for defendant, as follows: June 10, 1925, $500; June 14, 1925, $750; July 11, 1925, wired $505.60; and July 13, 1925, $336.03; total, $2,091.63. Defendant does not dispute the items of June 14, 1925, $750, and July 11, 1925, $505.60, amounting to $1,255.60, 'the amount found by the jury. It will be sufficient, therefore, to consider the items of $500, June 10, 1925, and $336.03, July 13, 1925. It appears that plaintiff had given Botkin his check for $500 on June 6, 1925, payable to cash, and he testified that he gave him $500 " in cash " on June 10, 1925, for defendant. He had the amount in his pocket and in his vault. He testified that there was no connection between the two transactions and, on cross-examination, that he did not tell defendant that the June sixth $500 was the amount put up for him. The record of the account was kept by his stenographer on a piece of paper in typewriting. This showed the amount with the words " in cash " in quotation. On the other hand, defendant testified that he had a talk with plaintiff after the renewal of the note on September 10, 1925; that plaintiff had a loose leaf pocket ledger, with a notation Sharron account; that the first item was June sixth, $500, which was the only amount he saw; that he asked him about it, saying " that is four days before the note was given," and that plaintiff replied, " well, that is some money that I gave to Botkin. I then pressed him for it and he told me to charge it up on your note." Plaintiff denied this. The advance to Botkin was four days before the alleged advance for defendant and could not be charged against the note without defendant's consent. And if it was so charged, it was not an advance at defendant's request. Then, that the one advance was by check and the other for the same amount " in cash " seems strange and the explanation, apparently, was not satisfactory to the jury.

As to the July 13, 1925, item for $336.03, defendant, Bouyea and Gordon testified that defendant refused at that time to contribute any more money and that plaintiff and the other two advanced the amount to Botkin, while plaintiff claimed that he sent the amount for defendant and the other two. Clearly, that was a question of fact.

It is true that when the note became due plaintiff told defendant that he had advanced only $2,091.63 of the full amount and that defendant then figured the interest on that amount, paid it, also the sum of $91.63 of the face, and drew and signed the new note for $2,000. Nevertheless, the case presented questions of fact

which could not be disposed of as questions of law, and the judgment should be reversed on the law and the facts and a new trial granted, unless plaintiff shall stipulate to accept the sum of $1,255.60, as found by the jury, in which case he may have an order reinstating the finding of the jury, which was set aside, and for a verdict and judgment on the findings for such amount, with interest from September 10, 1925, and affirming the judgment as so modified.

COCHRANE, P. J., VAN KIRK, McCANN and DAVIS, JJ., concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall stipulate to reduce the verdict to $1,255.60, as found by the jury, in which event the judgment is modified accordingly and as so modified affirmed, without costs.